In re PRESQUE ISLE APARTMENTS, L.P., a Pennsylvania Limited Partnership, Debtor.

PRESQUE ISLE APARTMENTS, L.P., Movant,

v.

FIDELITY UNION BANK/FIRST NATIONAL BANK, a/k/a First Fidelity Bank, N.A., Respondent.

Bankruptcy No. 87–00064E.

Motion No. 89–591.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 26, 1990.

Stephen H. Hutzelman, Erie, Pa., for movant.

John P. Eppinger, Erie, Pa., for respondent.

Richard Jankell, New York City, for Rosalind Cohen, Joseph Cohen, Stanford Klapper, Richard Jankell, Northwestern Nat. Ins. Co. of Milwaukee, Wis., and Edward S. Markman.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

On January 29, 1985, Presque Isle Apartments, L.P. ("Debtor") executed a ninety-day promissory note ("Note") in the amount of $300,000 bearing an interest rate of 12% per annum in favor of First Fidelity Bank ("Bank"). The Bank was secured by a second mortgage on the debtor's 96 unit apartment complex. The Note provided that, in the event of default, the Bank was entitled to "collect interest from the date of nonpayment, on the unpaid balance of this note (including interest and principal) at the highest rate of interest allowed by law."

Payment was not made on the Note when it became due on April 29, 1985. It was, therefore, in default as of that date. No payment was made on the loan between April 29, 1985 and the debtor's filing of its petition for relief under Chapter 11 of the Bankruptcy Code on February 12, 1987. Certain payments have been made since the Chapter 11 filing.

The debtor filed this Motion for Determination of Lien Status. We are to decide the correct rate of interest to be charged on the Note following default.

### Issues

1) What is the meaning of "highest rate of interest allowed by law?"

2) What is the correct rate of interest to be applied to the Bank's Note after default?

## Discussion

### A. Meaning of "Highest Rate of Interest Allowed by Law."

█ The parties agree that New Jersey law applies to this transaction in accordance with the forum selection clause in the Note. The debtor asserts that the "highest rate of interest allowed by law" is a term of art used in legal drafting which means the basic judgment rate for the jurisdiction of 6%.[1] The Bank asserts that, under New Jersey law, the "highest rate of interest allowed by law" is the criminal usury rate of 50% for loans to corporations. The Bank does not request imposition of a 50% interest rate, but asks that the 12% rate of interest, in effect during the term of the Note, continue post-default.

We are not persuaded by the debtor's argument. The Note provides for post-default interest at the "highest rate of interest allowed by law." The Note does not state the "legal rate" or "judgment rate" of interest.

Generally, the term "highest legal interest" or "lawful interest" as distinguished from "legal interest," means any rate of interest up to that fixed by statute as the maximum rate at which interest can be contracted for. *45 Am.Jur.2d, Interest and Usury,* 16–17 (1969). In New Jersey, even the term "legal interest" is not limited to the judgment rate of interest. *Serken v. Township of Ocean,* 201 N.J.Super. 392, 493 A.2d 531 (N.J.Super.Ct.Law Div.1983). Legal interest is the rate permitted to be contracted for under the New Jersey interest and usury statutes. *Id.* (citations omitted). The interest and usury statutes, N.J.S.A. § 31:1–1 *et seq.* must be considered in determining what legal rate of interest applies to a particular transaction. *Id.*

New Jersey's long standing policy is to decide "questions pertaining to interest according to the plainest and simplest considerations of justice and fair dealing." *Mid–Jersey National Bank v. Fidelity–Mortgage Investors,* 518 F.2d 640 (3rd Cir.1975) (citations omitted).

It is most likely that the parties intended the interest provision to indemnify the Bank for damages incurred by reason of the debtor's failure to perform. After default, the credit risk has become greater. Therefore, it is unlikely that the parties would have intended to negotiate a lower rate after default. The debtor could have avoided all interest by timely repayment of the debt. It would be anomalous to adopt a rule which, by allowing the debtor a reduced judgment rate of interest post-default, rewards the debtor for failing to perform, and more generally, creates an incentive for debtors to default. *Riley v. Northern Commercial Co.,* 648 P.2d 961 (Alaska 1982).

Where the language of a contract is clear, the courts must interpret the same according to its plain meaning. *Travelers Insurance Co. v. Transport of New Jersey,* 204 N.J.Super. 63, 497 A.2d 900 (N.J.Super. Ct.Ch.Div.1985). The plainest and simplest consideration of justice and fair dealing require this court to conclude that the language, "highest rate of interest allowed by law," means just what it says. The plain meaning of the language in the Note is that interest will be charged after default at the maximum rate of interest that may legally be contracted for. It does not mean the basic judgment rate of interest. The maximum rate of interest that may be contracted for in New Jersey is determined under N.J.S.A. § 31:1–1 *et seq.*

### B. The Applicable Rate of Interest

█ New Jersey has enacted statutes regulating the interest receivable for the use of money. Title 31 provides that the basic rate of interest for the loan of any

---

1. We do not agree that the judgment rate of interest in New Jersey is 6%. New Jersey Civil Practice Rule 4:42–11 provides that the judgment rate of interest was 6% for the period prior to April 1, 1975; 8% for the period between April 1, 1975 and September 13, 1981;

12% for the period between September 14, 1981 and January 1, 1986; 9.5% for the period between January 2, 1986 and December 31, 1986; 7.5% for the calendar year 1987; 6% for the calendar year 1988; and 7% for the calendar year 1989.

money is 6%. N.J.S.A. § 31:1–1(a). When there is a written contract specifying a rate of interest, no person shall take above the value of 16%. *Id.* Title 31 further provides:

> Notwithstanding the provisions of paragraph (a) or (b) of this section, contracts for the following classes or types of loans may provide for any rate of interest which the parties agree upon, and interest at any such rate may be taken, notwithstanding that it exceeds the rate limited by paragraph (a) or (b) of this section:
>
> (1) Loans in the amount of $50,000.00 or more, except loans where the security given is a first lien on real property on which there is erected or to be erected a structure containing one, two, three, four, five or six dwelling units, a portion of which structure may be used for non-residential purposes. The rate of interest stated in such contract upon origination of such loans may be taken notwithstanding that payments thereon reduce the amount outstanding to less than $50,-000.00; ....

N.J.S.A. § 31:1–1(e).

Since the Bank's loan to the debtor was in excess of $50,000 and was not secured by a first lien on real property, the parties were free to contract for any agreed-upon interest rate up to the criminal usury rate. The criminal usury rate for a loan to a corporation is 50% and for a loan to individuals 30%. N.J.S.A. § 2C:21–19.

It is not illegal to provide for a higher rate of interest after maturity, but if such rate is unconscionably high, it will be unenforceable because it amounts to a penalty. *Feller v. Architects Display Buildings, Inc.*, 54 N.J.Super. 205, 148 A.2d 634 (N.J. Super.Ct.App.Div.1959).

To allow the Bank interest at the criminal usury rate would clearly be unconscionable and unenforceable as a penalty. However, the Bank is not seeking to enforce any entitlement to a higher interest rate. The Bank merely requests that the contract rate of 12% continued post-default. For the rate of interest after default and pre-judgment to be equitable, it should re-flect the rate fixed by the parties in an arm's length transaction. *Mid–Jersey National Bank v. Fidelity–Mortgage Investors*, 518 F.2d 640, 645 (3rd Cir.1975). We observe that although the Note was in default, no judgment was entered against the debtor. The parties to this proceeding agreed to an interest rate of 12% with respect to the Note. The Bank's request to set the post-default interest rate on the outstanding balance at 12% simple interest will be granted.

An appropriate order will be entered.